IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL ALCALDE CUETO, <br> A# xxx-xx4-345, <br><br> Petitioner, <br><br> vs. <br><br> WILLIAM P. BARR, Attorney General, <br><br> CHAD WOLF, Secretary, <br> Department of Homeland Security, <br><br> ROBERT GUARDIAN, Director, <br> ICE Field Office, Chicago, <br><br> and <br><br> DAMON ACOFF, <br> Warden, Pulaski County Detention Center, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 20-cv-643-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

On July 10, 2020, Petitioner Miguel Alcalde Cueto, a Peruvian citizen, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE") in the Pulaski County Detention Center. Alcalde Cueto sought release from ICE custody on the basis that his detention, having exceeded 18 months after he was ordered removed from the United States, had become unconstitutionally prolonged. Now before the Court is Respondents' Motion to Dismiss Petition, arguing that the Petition is now moot because Alcalde Cueto was deported to Peru on July 16, 2020 and is no longer in ICE custody.

1

(Doc. 11)[1]

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Thus, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement and his release does not necessarily render his petition moot. However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal citation omitted).

In this case, the relief Alcalde Cueto requests is to be released from detention while awaiting removal or to be provided with a bond hearing. According to Respondent's Motion and the "Declaration of Deportation Officer", Alcalde Cueto has been removed to Peru and is no longer detained or in ICE custody. As such, the case has become moot.

## Disposition

For the foregoing reasons, Respondents' Motion to Dismiss Petition (Doc. 11) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment in accordance with this Order.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60

---

[1] Respondent mailed a copy of the instant motion to Alcalde Cueto at his address of record (the Pulaski County Detention Center) on July 29, 2020. However, because Alcalde Cueto is no longer detained there and has not submitted a change of address, the Court does not expect a response from him.

days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). Should Petitioner wish to appeal *in forma pauperis* ("IFP"), his motion seeking leave to do so must identify the issues he intends to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment; this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:  August 5, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**